The Full Commission finds as fact and concludes as matters of law the following as:
 STIPULATIONS
1. Plaintiff's February 19, 1999 complaint with 22 attachments was received into evidence.
2. Defendants' April 20, 1999 Motion to Dismiss was received into evidence.
3. Plaintiff's January 16, 2001 Response to Answer to Amended Affidavit/Complaint and Defendant's Motion to Dismiss was received into evidence.
4. Plaintiff's January 26, 2001 Additional Response to Defendant's Motions to Dismiss Numbers 2 though 5 was received into evidence.
5. The December 10, 1996 order by Judge Earl Britt was received into evidence.
6. The February 15, 1998 order by Judge Lebarre was received into evidence.
 ***********
Based upon all of the competent evidence of record and the reasonable inferences arising therefrom, the Full Commission makes the following additional:
 FINDINGS OF FACT
1. On June 12, 1996, plaintiff filed a complaint in the United States District Court in the Eastern District of North Carolina alleging twelve causes of action, the first three of which were federal. Plaintiff's state claims included malicious prosecution, gross negligence, conversion, tortious interference with third party business, fraud, breach of contract, unfair trade practices, defamation and unjust enrichment. Plaintiff named the North Carolina Department of Environment, Health and Natural Resources and Assistant Attorney General Judith Bullock, individually, as two of many defendants in the action.
2. On December 10, 1996, United States District Court Judge W. Earl Britt entered an order granting the defendants' motions to dismiss and for summary judgment with regard to the June 12, 1996 complaint.
3. On May 27, 1997, plaintiff filed a complaint alleging nine (9) causes of action in the Orange County Superior Court Division. These claims included malicious prosecution, gross negligence, conversion, tortious interference with third party business, fraud, breach of contract, unfair trade practice, and defamation. Plaintiff named the North Carolina Department of Environment, Health and Natural Resources and Assistant Attorney General Judith Bullock, individually, as two of many defendants in the action.
4. On February 15, 1998, Superior Court Judge David Labarre granted defendants' motion to dismiss with prejudice with regard to the May 27, 1997 complaint.
5. On February 19, 1999, plaintiff filed a claim for damages under the Tort Claims Act with the North Carolina Industrial Commission. Plaintiff's complaint alleged three causes of action for damages. Plaintiff named the North Carolina Department of Environment, Health and Natural Resources as one of many defendants in the action.
6. On March 13, 2000, plaintiff filed a motion to amend the complaint filed with the North Carolina Industrial Commission to include the North Carolina Department of Justice as a party-defendant. Judith Bullock, the Assistant Attorney General representing the North Carolina Department of Environment, Health and Natural Resources, was the employee that plaintiff alleged had committed tortious acts as an employee with the North Carolina Department of Justice. On September 13, 2000, Commissioner Bernadine Ballance added the North Carolina Department of Justice as a party-defendant in this matter.
7. Plaintiff alleges that during November 1993 the defendants were involved in the disposal of materials owned by the plaintiff without communication with the plaintiff. Plaintiff alleges that he lost the economic value of this material. Plaintiff made this same claim in the June 12, 1996 complaint he filed in federal court naming as defendants the North Carolina Department of Environment, Health and Natural Resources and Judith Bullock, individually.
8. Plaintiff alleges that the defendants sought to put an end to his business by warning companies such as Lubrichem not to do business with him. These alleged acts by the defendants took place prior to November 1993. Plaintiff alleges that these acts caused him to lose valuable suppliers and customers as a result of threats and warnings by the defendants. Plaintiff made this same claim in the June 12, 1996 complaint that he filed in federal court naming as defendants, the North Carolina Department of Environment, Health and Natural Resources and Judith Bullock, individually.
9. Plaintiff alleges that being labeled a "mad bomber" by the defendants resulted in damage to his reputation. Alleged defamatory statements by the defendants took place prior to January 3, 1994. Plaintiff made a defamation claim in the June 12, 1996 complaint naming as defendants, the North Carolina Department of Environmental Health and Natural Resources and Judith Bullock individually.
10. The last acts by the defendants which plaintiff alleges resulted in damages to him occurred in January 1994.
11. Plaintiff did not rely on any conduct by the defendants for his failure to timely file his claim with the Industrial Commission for damages for the acts by the defendants identified in paragraphs seven through nine.
 ***********
Based upon the foregoing stipulations and findings of fact, the Full Commission makes the following:
 CONCLUSION OF LAW
All claims against any and all state departments, institutions, and agencies shall be forever barred unless a claim is filed with the Industrial Commission within three years. Since claimant did not file his claim within 3 years of January 1994, his claim is barred by this statute of limitations. Further, there being no evidence presented to support a claim of estoppel on behalf of the claimant, claimant does not succeed on an estoppel theory. Finally, since the Industrial Commission lacks both jurisdiction over the subject matter and over the person and there is no remedy by estoppel, defendant's Motion to Dismiss is GRANTED. N.C. Gen. Stat. § 143-299.
 ***********
Based on the foregoing findings of fact and conclusion of law, the Full Commission enters the following:
 ORDER
1. Pursuant to Rules 12(b) (1), (2), and (6) of the North Carolina Rules of Civil Procedure and pursuant to N.C. Gen. Stat. § 143-299
defendants' Motion to Dismiss is HEREBY GRANTED, with prejudice.
2. Each party shall bear its own costs.
This 16th day of November, 2001.
 S/_____________ THOMAS J. BOLCH COMMISSIONER
CONCURRING:
 S/____________ BUCK LATTIMORE CHAIRMAN
 S/_______________ LAURA K. MAVRETIC COMMISSIONER